**Affirmed and Memorandum Opinion filed October 13, 2015.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-14-00610-CR

**ALAN POZZERLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1384872**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Alan Pozzerle of murder and sentenced him to confinement for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant claims the trial court erred in instructing the jury. We affirm.

# I.    BACKGROUND

Appellant's cell phone was taken out of the motel room in which he was living. Appellant called his phone and eventually someone answered, demanding $80 for the phone's return. Appellant called 9-1-1 to report the theft and went to a nearby convenience store to retrieve it. Neither the police nor anyone with his phone arrived. Appellant called his phone again and arranged to pay for the return of his phone.

Appellant and another man met the complainant on a street near the motel. Appellant's account of what followed varied from that of his companion but both testified that appellant hit the complainant with an object (described by appellant as a floor jack handle) and then struck the complainant with his van. Appellant testified that he then retrieved his phone and left the scene. The man subsequently was found dead where appellant left him.

# II.    DEFENSE OF PROPERTY

Appellant's first issue asserts the trial court erred by refusing his request to instruct the jury during the guilt-innocence phase on defense of property as justification for the complainant's murder. Appellant cites Texas Penal Code section 9.41 and 9.42 in support of his claim.

Under section 9.41(a), "[a] person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." *See* Tex. Penal Code Ann. § 9.41(a) (West 2011). However, the evidence reflects appellant was no longer in possession of his phone. Where, as here, the alleged owner of property already had been dispossessed of property and

was attempting to regain possession at the time force was used, section 9.41(b) is applicable:

> A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property *if the actor uses the force immediately or in fresh pursuit after the dispossession* and:
>
> (1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or
>
> (2) the other accomplished the dispossession by using force, threat, or fraud against the actor.

*Id*. § 9.41(b) (West 2011) (emphasis added). The record reflects appellant called 9-1-1 and reported the phone stolen approximately forty-five minutes before the altercation with the complainant. *See Ordonez v. State*, 14-10-00132-CR, 2010 WL 5395808, at *3 (Tex. App.—Houston [14th Dist.] Dec. 21, 2010, no pet.) (mem. op.) (not designated for publication), citing *Salley v. State*, No. 14–97–00656–CR, 2000 WL 552193, at *3 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) (mem. op.) (not designated for publication) (appellant's use of force was not immediately after or in fresh pursuit after dispossession when he walked down to his van, retrieved a shotgun, returned upstairs, and shot the complainant who had refused to return appellant's revolver); *Hall v. State*, No. 01–88–00511–CR, 1989 WL 21835, at *2 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (not designated for publication) (appellant who used force in an attempt to recover a wrecker approximately one hour after it was taken did not act "immediately or in fresh pursuit"). Appellant's use of force against the complainant was therefore not immediate or in fresh pursuit after he was dispossessed of the phone. Accordingly, the trial court did not err in refusing to instruct the jury on defense of property. Appellant's first issue is overruled.

## II.    SUDDEN PASSION

In his second issue, appellant argues the trial court erred by refusing his request to instruct the jury during the punishment phase on the special issue of sudden passion. *See* Tex. Pen. Code Ann. § 19.02(d) (West 2011); *Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013).

A murder committed under the "immediate influence of sudden passion arising from an adequate cause" is a second-degree felony and carries a maximum punishment of imprisonment for twenty years. Tex. Penal Code Ann. § 19.02(d). Sudden passion arises at the time of the murder and is "passion directly caused by and arising out of provocation by the individual killed." *Id.* § 19.02(a)(2). Adequate cause "would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* § 19.02(a)(1). With respect to the issue of sudden passion, the defendant has the burden of production and persuasion. *Id.* § 19.02(d).

To justify an instruction to the jury on the issue of sudden passion at the punishment phase, the record must at least minimally support an inference: 1) the defendant in fact acted under the immediate influence of a passion such as terror, anger, rage, or resentment; 2) his sudden passion was in fact induced by some provocation by the deceased or another acting with him which would commonly produce such a passion in a person of ordinary temper; 3) he committed the murder before regaining his capacity for cool reflection; and 4) a causal connection existed between the provocation, passion, and the murder. *Wooten*, 400 S.W.3d at 605. If the evidence from any source, during either phase of trial, raises the issue, be it weak, impeached, contradicted, or unbelievable, the trial court must submit the issue in the jury charge if it was requested by the defendant. *Id.* We first determine whether the trial court erred by failing to submit such an instruction. *Id.* at 606.

4

In support of his argument that he raised the issue of sudden passion, appellant refers to the testimony of a witness:

> . . . But that day, he lost it. So, it really tripped me out, you know. I'd never seen a bad side to him. Never have. But that day, he tripped all the way out.
>
> . . .
>
> He was silent. His -- his face, I can't describe it, but he was not hisself. He was, like, transformed to something else. I don't know what it was, but he was not hisself. I had never seen him act like that before, never.

Appellant also points to his own testimony that "[his] mind was doing a hundred miles a minute" and he was mad.

> The record reflects appellant testified as follows:

> Yes. I was mad. *But as soon as I got my phone, my anger level just dropped* and I was more squared [sic] than anything because during all this time I was also scared because this guy's pulled a knife on me.

(Emphasis added.)

While there was evidence appellant acted in response to provocation, i.e. the complainant's alleged theft of his phone, there was no evidence that appellant acted under the *immediate* influence of terror, anger, rage, or resentment. *See Trevino v. State*, 100 S.W.3d 232, 241 (Tex. Crim. App. 2003) (per curiam). As noted above, appellant called 9-1-1 to report the stolen phone approximately forty-five minutes before the complainant was killed and his own testimony reveals that he "cooled off." Moreover, being robbed of a cell phone would not commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. *See Nava v. State*, 379 S.W.3d 396, 423 (Tex. App.—Houston [14th Dist.] 2012), *aff'd*, 415 S.W.3d 289 (Tex. Crim. App. 2013). Appellant's claim that he was scared because

5

the complainant had a knife is insufficient because a "bare claim of fear" does not demonstrate "sudden passion arising from adequate cause." *Wooten*, 400 S.W.3d at 606–607. Accordingly, the trial court did not err in failing to instruct the jury on the issue of sudden passion at punishment. Appellant's second issue is overruled.

Having overruled both of appellant's issues, the judgment of the trial court is affirmed.


/s/      Martha Hill Jamison
Justice


Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).